**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY NICHOLAW, | No. C-11-4272 JCS |
| Plaintiff, | |
| v. | **ORDER RE PLAINTIFF'S OBJECTION TO DISMISSAL ORDER** |
| BOARD OF SUPERVISORS, | **[Docket Nos. 11, 12]** |
| Defendants. | |

Plaintiff Andy Nicholaw has filed an "Objection to Order Dismissing Complaint" on the ground that the Defendants have not consented to the jurisdiction of the magistrate judge and thus this Court lacked jurisdiction to dismiss the action. Docket No. 11. The Court declines to consider Plaintiff's objection as this matter has been dismissed. Plaintiff's "Motion for Default Judgment to Compel Performance" (Docket No. 12) is also moot as this case has been dismissed.

The Court does not require the consent of the defendants in order to properly dismiss the action as frivolous because defendants have not been served, and, as a result, are not parties to the action. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir.1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties); *see also, Merino v. Saxon Mortg. Inc.*, 2011 WL 794988, *1 (N.D. Cal. Mar 1, 2011) ("Defendants that have not been served are not parties under the meaning of 28 U.S.C. § 636(c), and therefore, their consent is not necessary for the Court to rule on this dispositive motion.").

1

In the present case, Plaintiff consented to magistrate jurisdiction. Because the defendants have not been served, they are not parties and the Court had jurisdiction to enter the dismissal order.

Dated: December 20, 2011

_____
JOSEPH C. SPERO
United States Magistrate Judge